UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                            CRIMINAL ACTION NO. 3:06CR-116-S

DAVID THOMAS                                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

      This matter is before the court on motion of the defendant, David Thomas, for a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and for exclusion of the testimony of L. Douglas Kennedy, M.D., an expert witness for the United States.

      The indictment charges the defendant, David Thomas, with unlawfully causing a controlled substance, Oxycontin, to be distributed outside the course of professional medical practice by his issuance of a number of prescriptions.  The United States has indicated that Dr. Kennedy's testimony will be offered at trial for purposes of establishing that the prescriptions in question were not issued for a legitimate medical purpose nor were they issued in the usual course of Thomas' professional practice.  Dr. Kennedy will testify that Thomas did not act in accordance with standard medical practice generally recognized and accepted in the United States.

      Dr. Kennedy's expert opinion is based upon his specialized knowledge, experience and training in the medical field.  Dr. Kennedy is a pain management specialist.  He has held the office of Director, Chronic Pain Management, at the University of Kentucky Medical Center.  Relevantly, he authored the Guidelines for Prescribing Controlled Substances which were adopted in 1996 by the Kentucky Medical Association and Kentucky Board of Medical Licensure.  As evidenced by his curriculum vitae, he is published and has lectured extensively in the area of pain management.

Thomas seeks to exclude Dr. Kennedy's testimony on the ground that there is no scientific data upon which he bases his opinions, and that his theories have not been shown to have been tested and subjected to peer review. This argument misses the mark in light of the nature of the testimony offered.

Fed.R.Evid. 702 states that a qualified expert may testify in the form of an opinion or otherwise if the testimony is based upon sufficient facts, the testimony is based upon reliable principles, and the expert has applied the principles reliably to the facts in the case. This expert's opinions are not based upon analysis of scientific data, but rather upon knowledge and experience in the practice of medicine generally, and upon the standards for the prescribing of controlled substances in particular. As there has been no challenge to Dr. Kennedy's credentials in that regard, the motion to exclude his testimony will be denied.

This ruling addresses only the foundational matter of Dr. Kennedy's qualifications to offer his opinions has been established, not the admissibility of the testimony.

**IT IS SO ORDERED.**